■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS PELLITTERI, Also Known as LOUIS PELLITERRI, True Name LOUIS PELLETTERI, Appellant.—Judgment, Supreme Court, New York County, rendered October 6, 1978, convicting defendant after a jury trial of criminal sale of a controlled substance in the second degree and sentencing him to an indeterminate term of eight and one-third years to life to run consecutively to sentences previously imposed on an earlier conviction modified, on the facts, and as a matter of discretion in the interest of justice, to the extent of directing that the imposed sentence run concurrently with the earlier sentences. The defendant was convicted after a jury trial of the crime of criminal sale of a controlled substance in the second degree and sentenced to a term of eight and one-third years to life to run consecutively to life sentences, including a sentence of 15 years to life, imposed by the same Judge on an earlier conviction. After a careful examination of the issues presented on the appeal, we find no error that would justify reversing the jury's adjudication of guilt. However, we also find no justification for the determination of the trial court that the sentence imposed on this conviction should run consecutively to the 15-year to life sentence previously imposed on the defendant. Indisputably, the defendant's substantial narcotics involvement merited severe punishment. However, an examination of the facts underlying this conviction, as well as those underlying the previous conviction, disclose no substantial basis for adding to the 15-year to life sentence previously imposed. This is particularly true since the present conviction involved acts that were an integral part of the events that resulted in the earlier conviction. Indeed, it seems probable that this case was tried separately only because it involved a codefendant not charged in the activities that gave rise to the previously tried case. One further comment seems appropriate. The Trial Judge here had presided over the other case and, as he was required by law to do, had imposed the statutorily mandated sentence of 15 years to life. At the commencement of the trial, defense counsel, at the defendant's request, asked the court to recuse himself, the defendant claiming that the Judge had not fairly presided. The Judge refused to do so, stating that he felt no bias or prejudice to the defendant that would justify his recusal. We find nothing in the record of the previous trial to justify the defendant's view that the trial court had presided unfairly, and we are satisfied that the trial court was amply justified in believing that he could preside impartially on the second trial, and indeed did so. Nonetheless, we think it would have been wiser for him to have recused himself. Under the circumstances, it was clearly preferable that this case should have been tried by a Judge who had not already imposed on the defendant a 15-year to life sentence. We do not find in this circumstance, however, a basis for reversing the conviction, nor, as already indicated, do we perceive any error justifying reversal of the conviction. Concur—Birns, J. P., Sandler, Ross, Bloom and Lynch, JJ.