1979 and a copy with notice of entry was admittedly received by plaintiff's attorney on November 30, 1979. Plaintiff did nothing in response to this order until January 3, 1980 when, on the eve of trial, it brought a motion to be relieved of the order. Such relief may be granted pursuant to CPLR 5015 (subd [a], par 1). However, to obtain such relief it was incumbent upon plaintiff to demonstrate that its default in responding to the November order was excusable and to present an affidavit made by a person having knowledge of the facts that its claim is meritorious (see *Allen v Berton*, 55 AD2d 1049). Plaintiff's only excuse is set forth in the affidavit of its attorney wherein it is asserted that the order is irregular, improperly filed and therefore prejudicial to plaintiff because of the failure of defendant to comply with CPLR 2220 in that it did not file plaintiff's bill of particulars along with the preclusion order. This argument is without merit. Failure of defendant to file plaintiff's own bill of particulars can hardly be deemed prejudicial to plaintiff and such an irregularity may be disregarded (CPLR 2001, 2220; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR, C2220.3). Since plaintiff has failed to meet the heavy burden of explaining its failure to comply with the earlier order of the court it was an improvident exercise of discretion to amend the order, effectively relieving plaintiff of its default (see *Call v Smith*, 34 AD2d 1092). (Appeal from order of Orleans Supreme Court—discovery.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.

■ In the Matter of ISMAEL DIAZ, Appellant, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Respondent.—Judgment unanimously affirmed on the memorandum decision at Trial Term, Ricotta, J. Assigned counsel's motion to withdraw granted *(People v Crawford,* 71 AD2d 38). (Appeal from judgment of Wyoming Supreme Court—art 78.) Present—Dillon, P. J., Cardamone, Schnepp, Callahan and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN PRINCE, Appellant. (Appeal No. 1.)—Judgment unanimously modified, as a matter of discretion, in the interest of justice by providing that the imposed sentence run concurrently with the prior imposed sentence of 0 to 6 years as well as with the contemporaneously imposed sentences (see *People v Pelliteri,* 76 AD2d 774); and otherwise judgment affirmed. (Appeal from judgment of Onondaga County Court—criminal possession of stolen property, second degree.) Present—Dillon, P. J., Cardamone, Schnepp, Callahan and Moule, JJ.

■ PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN PRINCE, Appellant. (Appeal No. 2.)—Same decision as in *People v Prince* (79 AD2d 882). (Appeal from judgment of Onondaga County Court—grand larceny, second degree.) Present—Dillon, P. J., Cardamone, Schnepp, Callahan and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN PRINCE, Appellant. (Appeal No. 3.)—Same decision as in *People v Prince* (79 AD2d 882). (Appeal from judgment of Onondaga County Court—grand larceny, second degree.) Present—Dillon, P. J., Cardamone, Schnepp, Callahan and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

STEPHEN PRINCE, Appellant. (Appeal No. 4.)—Same decision as in *People v Prince* (79 AD2d 882). (Appeal from judgment of Onondaga County Court—grand larceny, second degree.) Present—Dillon, P. J., Cardamone, Schnepp, Callahan and Moule JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN PRINCE, Appellant. (Appeal No. 5.)—Same decision as in *People v Prince* (79 AD2d 882). (Appeal from judgment of Onondaga County Court—grand larceny, second degree.) Present—Dillon, P. J., Cardamone, Schnepp, Callahan and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN PRINCE, Appellant. (Appeal No. 6.)—Same decision as in *People v Prince* (79 AD2d 882). (Appeal from judgment of Onondaga County Court—criminal possession of stolen property, first degree.) Present—Dillon, P. J., Cardamone, Schnepp, Callahan and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN PRINCE, Appellant. (Appeal No. 7.)—Same decision as in *People v Prince* (79 AD2d 882). (Appeal from judgment of Onondaga County Court—criminal possession of stolen property, second degree.) Present—Dillon, P. J., Cardamone, Schnepp, Callahan and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN PRINCE, Appellant. (Appeal No. 8.)—Same decision as in *People v Prince* (79 AD2d 882). (Appeal from judgment of Onondaga County Court—criminal possession of stolen property, first degree.) Present—Dillon, P. J., Cardamone, Schnepp, Callahan and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN PRINCE, Appellant. (Appeal No. 9.)—Same decision as in *People v Prince* (79 AD2d 882). (Appeal from judgment of Onondaga County Court—criminal possession of stolen property, first degree.) Present—Dillon, P. J., Cardamone, Schnepp, Callahan and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN PRINCE, Appellant. (Appeal No. 10.)—Same decision as a *People v Prince* (79 AD2d 882). (Appeal from judgment of Onondaga County Court—criminal possession of stolen property, first degree.) Present—Dillon, P. J., Cardamone, Schnepp, Callahan and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN PRINCE, Appellant. (Appeal No. 11.)—Same decision as in *People v Prince* (79 AD2d 882). (Appeal from judgment of Onondaga County Court—criminal possession of stolen property, first degree.) Present—Dillon, P. J., Cardamone, Schnepp, Callahan and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN PRINCE, Appellant. (Appeal No. 12.)—Same decision as in *People v Prince* (79 AD2d 882). (Appeal from judgment of Onondaga County Court—conspiracy, fifth degree.) Present—Dillon, P. J., Cardamone, Schnepp, Callahan and Moule, JJ.

■ CARTHAGE CENTRAL SCHOOL DISTRICT No. 1, Respondent, v REDDICK AND SONS OF GOUVERNEUR, INC., Appellant.—Order unanimously reversed, with costs, and motion granted. Memorandum: Appellant, Reddick and Sons of Gouverneur, Inc. (Reddick), has been permanently