■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRVING GAINES, Appellant.—Case held, decision reserved, motion to relieve counsel's assignment granted, and new counsel to be assigned. Memorandum: Our review of the record reveals at least three nonfrivolous issues which arguably could support reversal or modification of the judgment convicting defendant of robbery in the third degree and grand larceny in the third degree: defense counsel purported to waive defendant's presence at the *Wade/Huntley* hearing *(see, People v Anderson,* 16 NY2d 282, 286-288), absent any showing that defendant had been apprised by either the court or counsel of the nature of his right to be present and the consequences of his failure to appear *(see, People v Parker,* 57 NY2d 136, 141); two separate showups were conducted in such fashion that either the two witnesses or the witnesses and the victim were asked simultaneously to view and identify the defendant *(see, People v Adams,* 53 NY2d 241, 249); the court submitted two counts to the jury, one of which, grand larceny in the third degree (Penal Law § 155.30 [5]), may be a lesser inclusory count of the other, robbery in the third degree (Penal Law § 160.05; *see, People v Acevedo,* 40 NY2d 701, 707).

It is a denial of a defendant's constitutional right to the effective assistance of appellate counsel for his lawyer to submit a brief requesting to be relieved of his assignment *(see, People v Crawford,* 71 AD2d 38) where there actually exist nonfrivolous arguments for reversal of defendant's conviction *(see, People v Gonzalez,* 47 NY2d 606, 610). Since we find nonfrivolous issues, we will assign new counsel to submit full

briefs before considering the appeal *(see, People v Casiano,* 67 NY2d 906; *People v Gonzalez, supra).* (Appeal from judgment of Monroe County Court, Celli, J.—robbery, third degree, and another offense.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.