FOURTH DEPARTMENT, MAY, 1988

(May 27, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH A. LOBELLO, Appellant.

Memorandum: Defendant's attorney has moved to be relieved as assigned counsel on the ground that the appeal is frivolous (see, People v Crawford, 71 AD2d 38). We find that nonfrivolous arguments for reversal of defendant's conviction exist, and we therefore assign new counsel to submit briefs before considering the appeal (see, People v Gaines, 122 AD2d 565). Although defendant has served his sentence, the plea transcript indicates that, after a felony complaint had been dismissed in Town Court, defendant orally consented to a superior court Judge sitting as a local criminal court and arraigning him on a superior court information. However, the only accusatory instrument in the record before us is a document entitled superior court information but charging violation of Penal Law § 120.20, a misdemeanor. On arraignment, the court stated that the information charged defendant with violation of Penal Law § 120.20. The court told defendant he was entitled to a preliminary hearing. Defendant waived a preliminary hearing and consented to be held for action of a Grand Jury. He then executed a waiver of indictment and a consent to be prosecuted on a superior court information, to which he pleaded guilty.

We appoint new counsel to address, inter alia, the effect of the dismissal of the felony complaint in Town Court; whether a new action was properly commenced (see, CPL 100.05); the applicability of CPL 195.10 to a superior court information charging one misdemeanor; and whether defendant could validly consent to be held for action of a Grand Jury within the meaning of CPL 195.10 (1) on these facts. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—reckless endangerment, second degree.) Present—Dillon, P. J., Boomer, Pine, Balio and Lawton, JJ.