■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES FEDORA, Appellant. (Appeal No. 1.)—Case held, decision reserved, motion to relieve counsel's assignment granted, and new counsel to be assigned, in accordance with the following memorandum: Our review of the record reveals a nonfrivolous issue which arguably supports reversal of the judgment convicting defendant of burglary in the second

degree: whether the suppression court erred in finding that defendant's right to counsel was not violated by the police investigator's questioning on October 31. The investigator admitted that, in response to questioning, defendant's father told his son, in the officer's presence, "We'd better get in touch with a lawyer." Defendant testified that he actually had counsel on this charge, informed the investigator of that fact, and requested that he contact his lawyer. It is therefore arguable whether defendant asserted his right to counsel and whether the subsequent questioning violated that right *(People v Schaeffer,* 56 NY2d 448, 452-454; *People v Skinner,* 52 NY2d 24, 28-32).

It is a denial of defendant's constitutional right to the effective assistance of appellate counsel for his lawyer to submit a brief requesting to be relieved of his assignment where there exist nonfrivolous issues for reversal of defendant's conviction *(People v Casiano,* 67 NY2d 906, 907; *People v Gonzalez,* 47 NY2d 606, 610; *People v Gaines,* 122 AD2d 565). Since we find a nonfrivolous issue, we will appoint new counsel to submit a brief before considering the appeal *(see, People v Casiano, supra; People v Gaines, supra).* (Appeal from judgment of Jefferson County Court, Aylward, J.—burglary, second degree.) Present—Callahan, J. P., Denman, Boomer, Balio and Lawton, JJ.