■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN J. CHARNOCK, III, Appellant.—Case held, decision reserved, motion to relieve counsel's assignment granted, and new counsel to be assigned. Memorandum: Defendant's attorney has moved to be relieved as assigned counsel pursuant to *People v Crawford* (71 AD2d 38) on the ground that no nonfrivolous issues exist on the appeal. Defendant, in his supplemental *pro se* brief, has raised the issue of legal insufficiency of the evidence, and we find that issue to be nonfrivolous. Accordingly, we relieve counsel of his assignment and assign new counsel to file a substantive brief addressing that issue and any others that counsel's review of the record may disclose *(see, People v Casiano,* 67 NY2d 906; *People v Cummings,* 162 AD2d 943). (Appeal from judgment of Supreme Court, Erie County, Rossetti, J.—criminal possession of a weapon, third degree.) Present—Callahan, J. P., Denman, Green, Pine and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE HARRISON, Appellant.—Case held, decision reserved, motion to relieve counsel's assignment granted and new counsel to be assigned. Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of forcibly raping a 15-year-old girl in the City of Dunkirk during the early morning hours of April 6, 1986. Despite the fact that defendant was convicted following a lengthy jury trial in which numerous witnesses testified for both the prosecution and the defense, assigned appellate counsel concludes that the appeal is frivolous and that there are no issues of merit.

It is a denial of defendant's constitutional right to effective assistance of appellate counsel for his lawyer to submit a brief requesting to be relieved of his assignment where there exist nonfrivolous issues for reversal of defendant's conviction *(People v Casiano,* 67 NY2d 906, 907; *People v Gonzales,* 47 NY2d 606, 610). In our view, since there are at least two nonfrivolous issues with respect to the legal sufficiency and weight of the evidence to support defendant's conviction, we shall hold this case, reserve decision and assign new counsel to submit a brief addressing these issues and any others counsel's review of the record may disclose *(see, People v Charnock,* 163 AD2d 872 [decided herewith]; *People v Cummings,* 162 AD2d 943; *People v Fuhrer,* 143 AD2d 537; *People v Fedora,* 142 AD2d 957; *People v Gaines,* 122 AD2d 565). (Appeal from judgment of Chautauqua County Court, Adams, J.—rape, first degree.) Present—Callahan, J. P., Denman, Green, Pine and Balio, JJ.