■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH L. IRIZARRY, Appellant. [645 NYS2d 361] —Case held, decision reserved, motion to relieve counsel of assignment granted and new counsel to be assigned. Memorandum: Defendant appeals from a judgment convicting him, following a lengthy jury trial, of murder in the second degree. Defendant's assigned counsel has submitted an *Anders/ Crawford* brief (*see, Anders v California,* 386 US 738, *reh denied* 388 US 924; *People v Crawford,* 71 AD2d 38) in which he raises three potential issues and concludes that "none of these issues provide *[sic]* a legitimate non-frivolous basis for appeal." We disagree.

From our review of the record, we conclude that there are a number of nonfrivolous issues that should be reviewed, such as: (1) whether County Court erred in precluding defendant's psychiatric expert from rendering an opinion concerning defendant's sanity; (2) whether the court erred in refusing to allow the jury to take defendant's psychiatric records into deliberations with them; and (3) whether the court erred in denying defendant's request to charge the affirmative defense of extreme emotional disturbance. Other issues that could also be raised on appeal are: (1) whether the court should have granted defense counsel's request for a two-month extension to prepare for trial; (2) whether the court should have granted defendant's motions for a mistrial after two prosecution witnesses mentioned defendant's trial on unrelated charges in Oneida County; (3) whether the court improperly denied defendant's request for a *Huntley* hearing on the ground of collateral estoppel; (4) whether the court should have provided

the jury with a written copy of its instructions on the affirmative defense of lack of criminal responsibility; and (5) whether the jury verdict rejecting the affirmative defense of insanity is against the weight of the evidence.

It is a denial of defendant's constitutional right to effective assistance of appellate counsel for defendant's lawyer to submit a brief requesting to be relieved of his assignment where there exist nonfrivolous issues that may warrant reversal of defendant's conviction (*see, People v Casiano*, 67 NY2d 906, 907). Because there are nonfrivolous issues that should be reviewed, we hold this case, reserve decision and assign new counsel to submit a brief addressing all issues that the record may disclose (*see, People v Harrison*, 163 AD2d 872). (Appeal from Judgment of Herkimer County Court, Kirk, J.— Murder, 2nd Degree.) Present—Denman, P. J., Pine, Fallon, Callahan and Balio, JJ.