■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAMELA GOODBODY, Appellant. [652 NYS2d 678] —Case held, decision reserved, motion to relieve counsel of assignment granted and new counsel to be assigned. Memorandum: Defendant appeals from a judgment convicting her following a jury trial of felony driving while intoxicated and unlawful possession of marihuana. Defendant's counsel has submitted an *Anders/Crawford* brief (*see, Anders v California,* 386 US 738, *reh denied* 388 US 924; *People v Crawford,* 71 AD2d 38) in which he concludes that there are no issues of law or questions of fact meriting this Court's consideration and that the appeal is therefore frivolous. We disagree.

Based upon our review of the record, we conclude that there is at least one nonfrivolous issue that should be reviewed. County Court's *Sandoval* ruling precluded the prosecutor from questioning defendant concerning some convictions but permitted questioning concerning several prostitution convictions. Defendant testified at trial and was compelled to admit, "I am a prostitute". Whether the court erred in its *Sandoval* ruling is a nonfrivolous issue that counsel should have raised.

"It is a denial of defendant's constitutional right to effective assistance of appellate counsel for defendant's lawyer to submit a brief requesting to be relieved of his assignment where there exist nonfrivolous issues that may warrant reversal of defendant's conviction" (*People v Irizarry,* 229 AD2d 1009, 1010, citing *People v Casiano,* 67 NY2d 906, 907). Because there is at least one nonfrivolous issue that should be reviewed, we grant the motion of counsel to be relieved of his assignment and assign new counsel to submit a brief addressing that issue and any others counsel's review of the record may disclose (*see, People v Harrison,* 163 AD2d 872). (Appeal from Judgment of

Ontario County Court, Harvey, J.—Felony Driving While Intoxicated.) Present—Pine, J. P., Fallon, Callahan, Balio and Davis, JJ.