THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
ARTHUR CRAWFORD, Appellant.

Fourth Department, November 16, 1979

### APPEARANCES OF COUNSEL

*George T. Dunn (Gerald Barth* of counsel), for appellant.

*Richard Hennessy (John Cirando* of counsel), for respondent.

### OPINION OF THE COURT

*Per Curiam.*

This appeal presents us with the opportunity to accept the suggestion of the Court of Appeals to review our procedure for handling criminal appeals which assigned counsel decides are "wholly frivolous" (see *People v Gonzalez,* 47 NY2d 606). In the past we have followed the guidelines set forth by the Supreme Court in *Anders v California* (386 US 738; see *People v Ferge,* 67 AD2d 832; *People v Miller,* 64 AD2d 1030). We are

satisfied that the interests of indigent defendants generally are protected by that procedure and that assigned counsel has observed it in this case. For the benefit of the Bar, we briefly restate the governing principles and the rules to be followed.

The ultimate determination of whether an appeal is frivolous rests with the court, not assigned counsel. While we recognize the difficulty an attorney confronts when assigned to handle the appeal of a case in which he has little confidence (see Withdrawal of Appointed Counsel from Frivolous Criminal Appeals, 49 Ind LJ 740), the adversary tradition of the American legal system mandates that assigned counsel must represent his client as an advocate. He is not appointed *amicus curiae* to advise the court whether or not defendant's appeal has merit. The assignment is made in furtherance of due process requirements that justice for indigent and nonindigent defendants alike shall be substantially equal, and assigned counsel's responsibility is to assist the court in reviewing the case by advancing defendant's contentions to the fullest extent that the record permits.

Upon assignment, counsel should communicate promptly with his client and with trial counsel, if appellant counsel did not appear at the trial. If, after conferring with them and after making a conscientious review of the record, counsel determines that the appeal is frivolous, he may so advise the court and file a motion to be relieved of his assignment. The motion must be accompanied by a brief, however, in which counsel states all points which may arguably provide a basis for appeal, with references to the record and citation of applicable legal authorities. A copy of the brief must be supplied to defendant early enough before the submission of the appeal to permit him to study it and raise such additional points *pro se* as he may choose.

The court will then review the appeal. If it finds it to be frivolous, it will affirm the judgment and grant counsel's motion to withdraw. If the court finds merit, substitute counsel will be appointed on behalf of the defendant prior to decision, or if an immediate decision appears justified or necessary, the court will decide the appeal on the record and briefs before it. The procedure serves the purposes of assuring conscientious review of the case by counsel, avoiding subsequent claims of ineffective assistance of counsel and aiding the court in its review.

Turning to the present appeal, it appears that defendant

pleaded guilty to one count of burglary second degree in full satisfaction of a five-count indictment and several other charges pending in City Court. The record contains correspondence between counsel and defendant indicating the points which defendant wishes the court to consider. The brief complies with our general rules, it contains a statement of facts and it covers defendant's points with citation to pertinent authority on each subject. Counsel's motion to withdraw indicates that a copy of the brief was served on defendant by mail June 14, 1979, three months before submission to the court, sufficient time to enable him to review the brief and supplement it if he desired.

After reviewing the record and briefs, we have determined that the appeal is wholly frivolous.

The judgment should be affirmed and counsel's motion to withdraw should be granted.

CARDAMONE, J. P., SIMONS, DOERR, WITMER and MOULE, JJ., concur.

Judgment unanimously affirmed. Assigned counsel's request to withdraw granted.