■ NORTH COLLINS CENTRAL SCHOOL DISTRICT, Respondent, v SALVATORE ANGILELLA et al., Appellants.—Order unanimously reversed, without costs, summary relief denied and matter remitted to Supreme Court, Erie County, in accordance with the following memorandum: Petitioner school district commenced this special proceeding by order to show cause and a petition in which it is alleged that it possessed "a perpetual right of ingress and egress" over the easterly 10 feet of appellants' premises to the school district property. It alleged that its rights had been violated because appellants wrongfully had planted a hedge and tree within the bounds of the right of way. The petition prayed for an order permanently enjoining appellants from interfering with petitioner's easement and compelling them to remove the tree and hedge. In the alternative it asked that it be permitted to remove the tree and charge appellants the cost. On the return date appellants appeared and opposed the application but submitted a "reply to order to show cause" subscribed by appellants' attorneys which contained a counterstatement of facts and citation of legal authorities. The court granted the petition, ordered that appellants move the hedge within 30 days and "ordered" that petitioner remove the tree at its own cost and expense within 30 days. Special Term erred in granting summary relief. The order is reversed, the proceeding is converted to an action pursuant to CPLR 103 (subd [c]) and it is remitted to Supreme Court for further proceedings. Appellants are directed to plead in answer to the petition within 20 days of the order herein or be subject to a motion for default judgment. We note that the language of the easement guarantees only reasonable right of ingress and egress over the strip of land, not that the land be completely vacant. If, after appellants plead, questions of fact remain as to the extent of the obstructions, the extent to which they interfere with petitioner's reasonable use of its easement and who is responsible for placing them within the easement area and, therefore, for removing them, a trial will be required. (Appeal from order of Erie Supreme Court—compel removal of tree.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY WILLIAM BROWN, Appellant.—Judgment unanimously affirmed, and counsel's application to withdraw granted, there being substantial compliance with *People v Crawford* (71 AD2d 38). (Appeal from judgment of Monroe County Court—criminal possession of controlled substance, third degree.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Moule, JJ.