■ Douglas Morrell et al., Respondents-Appellants, v New York State Department of Environmental Conservation et al., Appellants-Respondents.—Judgment unanimously modified, on the law, by deleting the provision directing the Department of Environmental Conservation (DEC) to conduct a public hearing on the issue of environmental significance and, as modified, affirmed, without costs. Memorandum: Special Term properly annulled the negative declaration and the permits issued to C.I.D. and remitted the matter for further consideration of environmental significance based on the court's finding that the agency had failed to take a "hard look" at certain environmental concerns and make a " 'reasoned elaboration' " of its determination of nonsignificance (see, Matter of Schenectady Chems. v Flacke, 83 AD2d 460, 463-464). Alternatively, the determination would have to be annulled for the DEC's failure to comply with the publication requirements of 6 NYCRR 621.6 (d) (2). Special Term erred, however, in ordering DEC to conduct a public hearing on the issue of environmental significance. The regulation relied on by the court, 6 NYCRR part 615, had been repealed at the time this case was decided and there is no longer authority for the DEC to conduct a hearing preliminary to a determination of environmental significance, as opposed to holding one after an environmental impact statement (EIS) or draft EIS has been prepared and submitted for the agency's consideration (see, ECL 8-0109 [4], [5]; 6 NYCRR 617.10 [f]). 6 NYCRR part 624 authorizes the DEC, in its discretion, to conduct a hearing in connection with a permit application where comments received from the public "raise substantive and significant issues" relating to the application (ECL 70-0119 [1]; 6 NYCRR 624.1, 621.7). At this stage, however, a directive to the DEC to hold a hearing on the permit applications is premature, since the matter is being remitted for reconsideration and the DEC may yet conclude that petitioners have failed to raise "substantive and significant issues" concerning the permit applications. (Appeals from judgment of Supreme Court, Erie County, Marshall, J.—art 78.) Present—Denman, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.

■ The People of the State of New York, Respondent, v Anthony Jordan, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted (see, People v Crawford, 71 AD2d 38). (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—attempted grand larceny, third degree.) Present—Dillon, P. J., Doerr, Denman, Green and Schnepp, JJ.