■ In the Matter of ANTHONY P. WEECH, Petitioner, v WALTER KELLY, as Superintendent of Attica Correctional Facility, Respondent.—Determination unanimously modified on the law and as modified confirmed, in accordance with the following memorandum: The decision of the Hearing Officer that petitioner violated rule 106.10 of the regulations governing inmate behavior (7 NYCRR 270.1 [b] [7]) is not supported by substantial evidence and it must therefore be nullified and expunged from petitioner's record. Respondents concede that petitioner's failure to appear at his work program, without more, does not constitute failure to obey a direct order of facility personnel in violation of rule 106.10.

In all other respects, the decision of the Hearing Officer is supported by substantial evidence and should be confirmed (see, People ex rel. Vega v Smith, 66 NY2d 130). (Article 78 proceeding transferred by order of Supreme Court, Wyoming County, Dadd, J.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN DIRENZI, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted (see, People v Crawford, 71 AD2d 38). (Appeal from judgment of Ontario County Court, Reed, J.—burglary, second degree, two counts.) Present —Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD KIJANIA, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted (see, People v Crawford, 71 AD2d 38). (Appeal from judgment of Supreme Court, Erie County, Green, J.—burglary, third degree.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.