Moscicki, petitioner was charged with refusing to obey a direct order in violation of prison rule 106.10. At his Tier II hearing, petitioner pleaded "not guilty" and asserted that he did not hear the order when it was given. Another inmate also testified that he did not hear the order. Relying on the misbehavior report, the Hearing Officer found petitioner guilty as charged. There was, however, no express finding that petitioner heard the order given. Instead, the Hearing Officer merely stated that "noise and confusion are not valid excuses for non-compliance." That finding bore no meaningful relationship to the issue presented to the Hearing Officer. Absent a finding that petitioner heard the order, it could not be determined that he refused to obey it.

The determination must be annulled and all references to the proceedings must be expunged from petitioner's institutional record (see, Matter Hartje v Coughlin, 70 NY2d 866). (Article 78 proceeding transferred by order of Supreme Court, Wyoming County, Dadd, J.) Present—Dillon, P. J., Callahan, Denman, Green and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH R. TATRO, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted (see, People v Crawford, 71 AD2d 38). (Appeal from judgment of Genesee County Court, Morton, J.—driving while intoxicated as a felony.) Present—Callahan, J. P., Doerr, Pine, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACQUES GIBEAU, Also Known as MARVIN JOSEPH PITSLEY, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted (see, People v Crawford, 71 AD2d 38). (Appeal from judgment of Oswego County Court, Sullivan J.—criminal possession of forged instrument, second degree.) Present—Denman, J. P., Boomer, Green, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERTO YULFO, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Counsel's application to withdraw granted (see, People v Crawford, 71 AD2d 38). (Appeal from judgment of Ontario County Court, Reed, J.—robbery, first degree; grand larceny, third degree.) Present—Denman, J. P., Boomer, Green, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERTO YULFO, Appellant. (Appeal No. 2.)—Judgment unani-

mously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from judgment of Ontario County Court, Reed, J.—assault, second degree.) Present—Denman, J. P., Boomer, Green, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY TODD BOOTHE, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from judgment of Seneca County Court, DePasquale, J.—burglary, second degree; escape, third degree.) Present—Dillon, P. J., Boomer, Balio, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS V. WILLIAMS, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: Defendant's sentence is modified by vacating the fine imposed for his conviction of aggravated unlicensed operation of a motor vehicle in the first degree *(see, People v Grader,* 142 AD2d 997). (Appeal from judgment of Onondaga County Court, Bergin, J.—felony driving while intoxicated, and another charge.) Present—Dillon, P. J., Boomer, Balio, Lawton and Davis, JJ.

■ WORLD AUTO PARTS, INC., Appellant, v COVENANT MUTUAL INSURANCE COMPANY et al., Respondents.—Order unanimously affirmed without costs for reasons stated at Special Term, Fallon, J. (Appeal from order of Supreme Court, Erie County, Fallon, J.—summary judgment.) Present—Dillon, P. J., Boomer, Balio, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. HENCHEN, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from judgment of Orleans County Court, Miles, J.—robbery, first degree.) Present—Callahan, J. P., Doerr, Green, Pine and Lawton, JJ.

■ RICCARDO RADICIA et al., Respondents, v AETNA CASUALTY AND SURETY COMPANY, Appellant.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Plaintiffs have sued to recover a loss that they allege was covered by their homeowner's policy, issued by defendant. Defendant denied coverage, contending that plaintiffs have willfully concealed or misrepresented material facts with respect to their loss. Defendant was granted a protective order with respect to por-