■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALTON BURROWS, Appellant.—Adjudication unanimously affirmed. Counsel's application to withdraw granted (see, People v Crawford, 71 AD2d 38). (Appeal from adjudication of Monroe County Court, White, J.—youthful offender.) Present—Dillon, P. J., Green, Pine, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL S. KOEHLER, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted (see, People v Crawford, 71 AD2d 38). (Appeal from judgment of Genesee County Court, Morton, J.—violation of probation.) Present— Dillon, P. J., Green, Pine, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFONSO RIVERA, Appellant. (Appeal No. 1.)—Appeal unanimously dismissed (see, People v Seaberg, 74 NY2d 1). (Appeal from judgment of Monroe County Court, Connell, J.—burglary, second degree.) Present—Dillon, P. J., Green, Pine, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFONSO RIVERA, Appellant. (Appeal No. 2.)—Appeal unanimously dismissed (see, People v Seaberg, 74 NY2d 1). (Appeal from judgment of Monroe County Court, Connell, J.—burglary, first degree.) Present—Dillon, P. J., Green, Pine, Balio and Davis, JJ.

■ In the Matter of SANTO LICASTRO, Petitioner, v THOMAS A. COUGHLIN, as Commissioner of the Department of Correctional Services, et al., Respondents.—Determination unanimously confirmed and petition dismissed. Memorandum: The misbehavior report filed by Correction Sergeant McKernon, together with the sergeant's testimony at the Tier III hearing, constituted substantial evidence supporting the determination that petitioner violated the institutional rules with which he was charged (see, People ex rel. Vega v Smith, 66 NY2d 130). Moreover, petitioner concedes that there was substantial evidence to support the determination that he violated inmate rule 100.10, assault, as charged in the misbehavior report prepared by Correction Sergeant Perez. The penalties imposed are not so disproportionate to the offenses as to be shocking to one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222, 233).

Finally, the issue concerning the timeliness of the Tier III hearing on the violation charged in the Perez misbehavior report is not properly raised before this court (see, Matter of