contends that the Hearing Officer abused his discretion in failing to provide petitioner with two requested witnesses. Six inmates testified on petitioner's behalf at the hearing and each inmate testified consistent with petitioner's version of events. We conclude that the Hearing Officer did not abuse his discretion in concluding that the testimony of the seventh inmate witness would be redundant. Petitioner has not shown that the eighth witness would have offered additional material testimony *(see, Matter of Shamsid-Deen v Selsky,* 195 AD2d 1084 [decided herewith]; *Matter of Herrera v Coughlin,* 171 AD2d 1081).* (Appeal from Judgment of Supreme Court, Wyoming County, Dadd, J.—Article 78.) Present—Green, J. P., Lawton, Fallon, Boomer and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BROWN, Appellant. (Appeal No. 1.) [601 NYS2d 899] —Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Livingston County Court, Houston, J.—Burglary, 2nd Degree.) Present—Pine, J. P., Balio, Doerr, Boomer and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BROWN, Appellant. (Appeal No. 2.) [601 NYS2d 899] —Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Livingston County Court, Houston, J.—Burglary, 2nd Degree.) Present—Pine, J. P., Balio, Doerr, Boomer and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL GREENE, Appellant. [602 NYS2d 581] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: The People concede that the sentence imposed on defendant's conviction for aggravated unlicensed operation of a motor vehicle in the second degree is unlawful. The maximum term of imprisonment for that offense is 180 days *(see,* Vehicle and Traffic Law § 511 [2] [b]). We modify that portion of the sentence, therefore, by reducing the term of imprisonment from 360 to 180 days. (Appeal from Judgment of Jefferson County Court, Clary, J.—Felony Driving While Intoxicated.) Present—Pine, J. P., Balio, Doerr, Boomer and Davis, JJ. ˇ

■ THOMAS L. RANSOM, JR., Respondent, v BARBARA PAT-