motion would now be untimely *(see,* 22 NYCRR 1000.3 [b] [2] [i]). (Appeal from Order of Supreme Court, Onondaga County, Stone, J.—Vacate Judgment.) Present—Callahan, J. P., Pine, Lawton, Doerr and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID S. ROGERS, Appellant. (Appeal No. 1.) [603 NYS2d 784] — Judgment unanimously affirmed. Memorandum: Counsel's representation of defendant, viewed in its entirety, was meaningful and effective *(see, People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137). (Appeal from Judgment of Genesee County Court, Morton, J.—Assault, 2nd Degree.) Present—Denman, P. J., Callahan, Balio, Boomer and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID S. ROGERS, Appellant. (Appeal No. 2.) [603 NYS2d 785] — Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Genesee County Court, Morton, J.— Assault, 2nd Degree.) Present—Denman, P. J., Callahan, Balio, Boomer and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD TAYLOR, Appellant. [602 NYS2d 469] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of two counts of criminal possession of stolen property in the fifth degree, and sentencing him to definite terms of one year in jail on each count, to be served consecutively. Defendant contends that, in these circumstances, consecutive sentences are illegal and that, in any event, his sentence must be reduced to an aggregate maximum term of one year.

We conclude that the sentence is illegal under Penal Law § 70.25. That statute provides in pertinent part:

"2. When more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single *act or omission* * * * the sentences * * * must run concurrently * * *

"3. Where consecutive definite sentences of imprisonment are not prohibited by subdivision two of this section and are imposed on a person for offenses which were committed as parts of a single *incident or transaction,* the aggregate of the terms of such sentences shall not exceed one year" (emphasis supplied).