Malcolm Kellogg and that defendant possessed a loaded handgun with the intent that it be used unlawfully against Kellogg. Defendant, during the plea colloquy, admitted that, at some point prior to the murder, she possessed the loaded handgun; that she accompanied one of her companions into Kellogg's residence knowing that the companion was carrying the loaded handgun and intended to kill Kellogg; and that she directed the companion to the room where Kellogg was sleeping.

The determination whether a defendant should be accorded youthful offender status rests within the sound discretion of the sentencing court *(People v Shrubsall,* 167 AD2d 929, 930; *People v Ortega,* 114 AD2d 912, *lv denied* 67 NY2d 887). In deciding whether to grant youthful offender status, the court was obligated to consider the manner in which the crimes were committed *(see, People v Shrubsall, supra,* at 930; *People v Cruickshank,* 105 AD2d 325, 334, *affd sub nom. People v Dawn Maria C.,* 67 NY2d 625). The record does not support defendant's contention that the court considered a crime for which defendant was indicted but not convicted. Contrary to her contention, the record indicates that the sentencing court considered mitigating circumstances favorable to defendant. We further conclude that defendant's sentence is not harsh or excessive. (Appeal from Judgment of Seneca County Court, Falvey, J.—Conspiracy, 2nd Degree.) Present—Pine, J. P., Balio, Lawton, Doerr and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SADDLER, Appellant. (Appeal No. 1.) [605 NYS2d 1005] — Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Genesee County Court, Morton, J.— Forgery, 2nd Degree.) Present—Pine, J. P., Balio, Lawton, Doerr and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SADDLER, Appellant. (Appeal No. 2.) [605 NYS2d 1005] — Judgment unanimously affirmed. Memorandum: We conclude that defendant's sentence was not harsh or excessive. Defendant may raise his alleged inability to pay the restitution ordered by the court in an application for resentencing pursuant to CPL 420.10 (5) *(see, People v Erickson,* 172 AD2d 1070). (Appeal from Judgment of Genesee County Court, Punch, J.— Violation of Probation.) Present—Pine, J. P., Balio, Lawton, Doerr and Boehm, JJ.