—Neglect.) Present—Pine, J. P., Balio, Fallon, Doerr and Davis, JJ.

■ STELLA MURPHY, Appellant, v WILLIAM J. MURPHY, Respondent. [610 NYS2d 905] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: We modify Supreme Court's order to grant plaintiff's request for additional discovery, including the hiring of experts to assist in valuing the marital assets, and to direct that defendant be restrained from changing the character of marital assets in his possession or control during the pendency of the proceedings. (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Discovery.) Present—Pine, J. P., Balio, Fallon, Doerr and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE MURPHY, Appellant. (Appeal No. 1.) [609 NYS2d 883] — Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). Memorandum: We have considered the issue raised in defendant's *pro se* supplemental brief and conclude that the sentence imposed upon defendant is not harsh or excessive. (Appeal from Judgment of Allegany County Court, Feeman, Jr., J.— Murder, 2nd Degree.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE MURPHY, Appellant. (Appeal No. 2.) [609 NYS2d 883] — Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Allegany County Court, Feeman, Jr., J. —Burglary, 2nd Degree.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY RUSSO, Appellant. [607 NYS2d 520] —Judgment affirmed. Memorandum: County Court erred in denying the motion to suppress evidence seized from defendant's bedroom during the execution of a search warrant. Prior to obtaining that warrant, two police officers entered defendant's bedroom and observed items of clothing. Defendant contends that the People had no lawful right to enter his bedroom and that evidence obtained as a result of that unlawful entry should have been suppressed.

At the suppression hearing, the People maintained that