WALID DANIEL, Appellant. [612 NYS2d 1022] —Case held, decision reserved and matter remitted to Onondaga County Court for further proceedings in accordance with the following Memorandum: The record does not establish whether the combined *Sandoval-Ventimiglia* hearing requested by defendant was held or whether defendant was present at such a hearing. Therefore, we reserve decision and remit the matter to Onondaga County Court for a reconstruction hearing to expand the record and to determine whether *Sandoval* and/or *Ventimiglia* hearings were conducted and, if so, whether defendant was present *(see, People v Michalek,* 82 NY2d 906; *People v Snell,* 203 AD2d 933 [decided herewith]; *People v Indivero,* 202 AD2d 989; *see also, People v Spotford,* 196 AD2d 179). (Appeal from Judgment of Onondaga County Court, Burke, J.—Murder, 2nd Degree.) Present—Green, J. P., Pine, Balio, Fallon and Doerr, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH B. PHILLIPS, Appellant. (Appeal No. 1.) [614 NYS2d 337] — Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Chautauqua County Court, Adams, J. —Criminal Sale Marihuana, 3rd Degree.) Present—Denman, P. J., Fallon, Wesley, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH B. PHILLIPS, Appellant. (Appeal No. 2.) [614 NYS2d 338] — Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Chautauqua County Court, Adams, J. —Burglary, 3rd Degree.) Present—Denman, P. J., Fallon, Wesley, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH B. PHILLIPS, Appellant. (Appeal No. 3.) [614 NYS2d 338] — Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Chautauqua County Court, Adams, J. —Burglary, 3rd Degree.) Present—Denman, P. J., Fallon, Wesley, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH B. PHILLIPS, Appellant. (Appeal No. 4.) [614 NYS2d 338] — Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Ap-

peal from Judgment of Chautauqua County Court, Adams, J. —Burglary, 3rd Degree.) Present—Denman, P. J., Fallon, Wesley, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH B. PHILLIPS, Appellant. (Appeal No. 5.) [614 NYS2d 339] —Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Chautauqua County Court, Adams, J. —Burglary, 3rd Degree.) Present—Denman, P. J., Fallon, Wesley, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH B. PHILLIPS, Appellant. (Appeal No. 6.) [614 NYS2d 339] — Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Chautauqua County Court, Adams, J. —Conspiracy, 5th Degree.) Present—Denman, P. J., Fallon, Wesley, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH B. PHILLIPS, Appellant. (Appeal No. 7.) [614 NYS2d 339] —Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Chautauqua County Court, Adams, J. —Criminal Sale Marihuana, 3rd Degree.) Present—Denman, P. J., Fallon, Wesley, Davis and Boehm, JJ.

■ In the Matter of ROBERT M. DAVIES, Petitioner, v SALLY B. JOHNSON, as Superintendent of the Orleans Correctional Facility, et al., Respondents. [612 NYS2d 1018] —Determination unanimously confirmed and petition dismissed. Memorandum: The determination made at petitioner's Tier III disciplinary hearing that petitioner violated inmate rule 108.14 (7 NYCRR 270.2 [B] [9] [v]) is supported by substantial evidence *(see, Matter of Foster v Coughlin,* 76 NY2d 964). Moreover, we conclude that petitioner was not deprived of his right to call witnesses; the Hearing Officer made a meaningful effort to locate and produce those witnesses *(see, Matter of Salcedo v Coughlin,* 197 AD2d 729). Finally, we reject the contention that petitioner was deprived of due process because he did not receive the employee assistant of his choice. Petitioner signed a waiver form indicating that he did not want employee assistance at his disciplinary hearing, thus expressly making a