■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY J. HAJDASZ, Appellant. (Appeal No. 5.) [617 NYS2d 659] —Judgment unanimously affirmed. Same Memorandum as in *People v Hajdasz* ([appeal No. 1] 207 AD2d 1021 [decided herewith]). (Appeal from Judgment of Oneida County Court, Burke, J.—Burglary, 3rd Degree.) Present—Denman, P. J., Pine, Balio, Callahan and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY J. HAJDASZ, Appellant. (Appeal No. 6.) [617 NYS2d 659] —Judgment unanimously affirmed. Same Memorandum as in *People v Hajdasz* ([appeal No. 1] 207 AD2d 1021 [decided herewith]). (Appeal from Judgment of Oneida County Court and Burke, J.—Burglary, 2nd Degree.) Present—Denman, P. J., Pine, Balio, Callahan and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN MARRIOTT, Appellant. [617 NYS2d 697] —Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Monroe County Court, Egan, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Denman, P. J., Pine, Balio, Callahan and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL LEE KEIFFER, Appellant. [617 NYS2d 103] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Monroe County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him of attempted murder in the second degree, a class B violent felony. In accordance with the plea bargain, defendant, a first felony offender, was sentenced to an indeterminate term of incarceration of 10 to 20 years. We agree with defendant that such sentence is unlawful.

Where a first felony offender is convicted of a class B armed felony offense, Penal Law § 70.02 (4) authorizes the sentencing court to impose a minimum term that is between one third and one half of the maximum term. Defendant, however, was convicted of attempted murder in the second degree, which is not an "armed felony" offense by definition (CPL 1.20 [41]) because possession, use or display of a weapon is not a statutory element of the crime *(see,* Penal Law §§ 110.00, 125.25 [1]). Consequently, the sentencing court erred in impos-