comment on defendant's failure to testify *(see, People v Watson,* 188 AD2d 315, *lv denied* 81 NY2d 849).

By asking this Court to disregard that portion of his brief pertaining to the issue raised on his CPL 440.10 motion, defendant abandoned his remaining contention that he was denied effective assistance of counsel. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Robbery, 1st Degree.) Present—Denman, P. J., Lawton, Wesley, Balio and Boehm, JJ.

■ PATRICIA J. TEDESCO, Appellant, v LEONARD J. MURAWSKI, Respondent. [624 NYS2d 1007] —Order unanimously reversed on the law with costs and motion denied. Memorandum: In the absence of "special, unusual or extraordinary circumstances spelled out in factual detail", Supreme Court should not have permitted a physical examination of plaintiff after the note of issue and statement of readiness had been filed *(Laudico v Sears, Roebuck & Co.,* 125 AD2d 960, 961; *see,* 22 NYCRR 202.21 [d]; Siegel, NY Prac § 370 [2d ed]). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Discovery.) Present—Denman, P. J., Lawton, Wesley, Balio and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS E. SCRIVENS, Appellant. (Appeal No. 1.) [624 NYS2d 991] —Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Onondaga County Court, Mulroy, J.— Burglary, 2nd Degree.) Present—Green, J. P., Pine, Callahan, Doerr and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS E. SCRIVENS, Appellant. (Appeal No. 2.) [624 NYS2d 992] —Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Onondaga County Court, Mulroy, J.— Burglary, 2nd Degree.) Present—Green, J. P., Pine, Callahan, Doerr and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE LOPEZ, Appellant. [622 NYS2d 406] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of rape in the first degree and sexual abuse in the first degree, defendant contends that his guilty plea is invalid because it was involuntary and the product of ineffec-