withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Chautauqua County Court, Himelein, J.—Forgery, 2nd Degree.) Present—Lawton, J. P., Fallon, Wesley, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH O. NELSON, Appellant. (Appeal No. 4.) [624 NYS2d 993] —Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Chautauqua County Court, Himelein, J.—Forgery, 2nd Degree.) Present—Lawton, J. P., Fallon, Wesley, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH O. NELSON, Appellant. (Appeal No. 5.) [624 NYS2d 993] —Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Chautauqua County Court, Himelein, J.—Forgery, 2nd Degree.) Present—Lawton, J. P., Fallon, Wesley, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH O. NELSON, Appellant. (Appeal No. 6.) [624 NYS2d 993] —Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Chautauqua County Court, Himelein, J.—Forgery, 2nd Degree.) Present—Lawton, J. P., Fallon, Wesley, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH O. NELSON, Appellant. (Appeal No. 7.) [624 NYS2d 994] —Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Chautauqua County Court, Himelein, J.—Forgery, 2nd Degree.) Present—Lawton, J. P., Fallon, Wesley, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JON J. DUQUIN, Appellant. [624 NYS2d 1012] —Judgment unanimously affirmed. Memorandum: By failing to controvert the allegations in the second felony offender statement filed by the People pursuant to CPL 400.21 at the time of sentencing, defendant failed to preserve for review his contention that he was improperly sentenced as a second felony offender *(see, People v Smith,* 73 NY2d 961; *People v Gessner,* 188 AD2d