united in interest because the latter is not vicariously liable for torts of the former (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C203:3, at 147). (Appeals from Order of Supreme Court, Erie County, Notaro, J.—Dismiss Complaint.) Present—Pine, J. P., Fallon, Callahan and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTINE CERAVOLO, Appellant. [643 NYS2d 451] —Judgment unanimously affirmed. Counsel's application to withdraw granted (see, People v Crawford, 71 AD2d 38). (Appeal from Judgment of Oneida County Court, Buckley, J.—Murder, 2nd Degree.) Present—Denman, P. J., Lawton, Wesley, Doerr and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERESA HUTCHINSON, Appellant. [643 NYS2d 451] —Judgment unanimously affirmed. Counsel's application to withdraw granted (see, People v Crawford, 71 AD2d 38). (Appeal from Judgment of Ontario County Court, Harvey, J.—Grand Larceny, 2nd Degree.) Present—Denman, P. J., Lawton, Wesley, Doerr and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LADON E. JONES, Appellant. (Appeal No. 1.) [643 NYS2d 454] —Judgment unanimously affirmed (see, People v Saunders, 190 AD2d 1092, 1093, lv denied 81 NY2d 1019). (Appeal from Judgment of Erie County Court, Drury, J.—Assault, 1st Degree.) Present—Denman, P. J., Lawton, Wesley, Doerr and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LADON E. JONES, Appellant. (Appeal No. 2.) [643 NYS2d 454] —Judgment unanimously affirmed (see, People v Saunders, 190 AD2d 1092, 1093, lv denied 81 NY2d 1019). (Appeal from Judgment of Erie County Court, Drury, J.—Attempted Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Lawton, Wesley, Doerr and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT E. HARVEY, Appellant. [643 NYS2d 864] —Judgment unanimously affirmed. Memorandum: Defendant contends that County Court erred in denying his motion to dismiss the indictment on the ground that he was not provided independent counsel at the preliminary hearing. The record shows that a Wayne County Assistant Public Defender represented both defendant and his codefendant at that hearing. The Public Defender's office subsequently declared a conflict of interest in representing both defendant and his codefendant. Defendant