was provided new counsel, who moved to dismiss the indictment on the ground that his client did not have independent counsel at the preliminary hearing. The court denied the motion and defendant pleaded guilty prior to trial. By pleading guilty on the advice of competent counsel, defendant has forfeited his claim of inadequate representation at the preliminary hearing (*see, People v Pentgen*, 55 NY2d 529, *rearg denied* 57 NY2d 674; *People v Bethany*, 182 AD2d 1084, *lv denied* 80 NY2d 828; *People v Cance*, 155 AD2d 764; *People v Knapp*, 122 AD2d 305, 306). (Appeal from Judgment of Wayne County Court, Parenti, J.—Robbery, 1st Degree.) Present—Denman, P. J., Lawton, Wesley, Doerr and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE PARKS, Appellant. [643 NYS2d 452] —Judgment unanimously affirmed (*see, People v Saunders*, 190 AD2d 1092, 1093, *lv denied* 81 NY2d 1019). (Appeal from Judgment of Erie County Court, Drury, J.—Assault, 2nd Degree.) Present— Green, J. P., Pine, Fallon, Callahan and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD L. BURD, Appellant. (Appeal No. 1.) [643 NYS2d 455] —Judgment unanimously affirmed. Counsel's application to withdraw granted (*see, People v Crawford*, 71 AD2d 38). (Appeal from Judgment of Oswego County Court, Brandt, J.— Attempted Sodomy, 1st Degree.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD L. BURD, Appellant. (Appeal No. 2.) [643 NYS2d 455] —Judgment unanimously affirmed. Counsel's application to withdraw granted (*see, People v Crawford*, 71 AD2d 38). (Appeal from Judgment of Oswego County Court, Brandt, J.— Attempted Rape, 1st Degree.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL F. GEFELL, Appellant. [644 NYS2d 450] —Judgment unanimously affirmed. Memorandum: County Court properly determined that defendant's warrantless arrest was supported by probable cause. The arresting officer received a radio report that a blue, full-size Ford van with handicapped license plates had been stolen and was parked outside an address in the City of Batavia. Upon arriving at that address, the officer observed defendant standing beside the open driver's side door of a van matching the description in the radio report. As the officer approached, defendant walked away quickly and entered a resi-