his child support obligation. In its order, Family Court terminated petitioner's child support obligation, directed respondent to return to petitioner any overpayments of support in a payment schedule to be determined by the Hearing Examiner and remitted the case to the Hearing Examiner for a determination of respondent's ability to pay support. Respondent's assigned counsel has moved to be relieved of the assignment and has submitted a brief in which he concludes that there are no nonfrivolous issues meriting this Court's consideration. The record reveals that respondent's counsel has a conflict of interest that requires the assignment of new appellate counsel. Further, "[t]here is a 'strong public policy against restitution or recoupment of support overpayments' " (*Matter of Niewiadomski v Dower*, 286 AD2d 948 [2001]). The issue of the propriety of Family Court's determination regarding recoupment was not addressed in the brief of respondent's counsel and represents a nonfrivolous issue for appeal. Accordingly, we relieve counsel of his assignment and assign new counsel to brief that issue as well as any other issues that counsel's review of the record may disclose. (Appeal from Order of Family Court, Oneida County, Frank S. Cook, J.—Child Support.) Present—Pigott, Jr., P.J., Green, Pine and Hurlbutt, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENYA D. BROWN, Appellant. [782 NYS2d 238]—Judgment unanimously affirmed. Counsel's motion to be relieved of assignment granted (*see People v Crawford*, 71 AD2d 38 [1979]). (Appeal from Judgment of Monroe County Court, Patricia D. Marks, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Pigott, Jr., P.J., Green, Pine and Hurlbutt, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME FOSTER, Appellant. [782 NYS2d 392]—Judgment unanimously affirmed. Counsel's motion to be relieved of assignment granted (*see People v Crawford*, 71 AD2d 38 [1979]). (Appeal from Judgment of Ontario County Court, Craig J. Doran, J.—Violation of Probation.) Present—Pigott, Jr., P.J., Green, Pine and Hurlbutt, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK H. HILKEN, Appellant. [782 NYS2d 392]—Judgment unanimously affirmed. Counsel's motion to be relieved of assignment granted (*see People v Crawford*, 71 AD2d 38 [1979]). (Appeal from Judgment of Genesee County Court, Robert C. Noonan, J.—Attempted Promoting Prison Contraband, 1st Degree.) Present—Pigott, Jr., P.J., Green, Pine and Hurlbutt, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY HOLMES, Appellant. [782 NYS2d 392]—Judgment unani-