■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY KOZIEL, Appellant. [803 NYS2d 504]—The case is held, the decision is reserved, the motion to relieve counsel of assignment is granted and new counsel is to be assigned. Memorandum: Defendant was convicted following a jury trial of two counts of reckless endangerment in the first degree (Penal Law § 120.25), two counts of menacing in the second degree (Penal Law § 120.14 [1]), and one count of reckless driving (Vehicle and Traffic Law § 1212). She was sentenced to four months' incarceration on each of the counts, to run concurrently, to be followed by five years' probation. Defendant's assigned appellate counsel has moved to be relieved of the assignment pursuant to *People v Crawford* (71 AD2d 38 [1979]), and has submitted a brief in which he concludes that there are no nonfrivolous issues meriting this Court's consideration. The record establishes that trial counsel failed to provide the People with copies of photographs that he intended to introduce at trial in support of an alibi defense, resulting in a determination by the court precluding their introduction into evidence. The record further establishes that the prosecution and defense through their witnesses presented widely divergent versions of the events. The facts raise the issues of whether defendant received effective assistance of counsel; and whether the verdict was supported by the weight of the evidence. Therefore, we relieve counsel of his assignment and assign new counsel to brief those issues, as well as any other issues that counsel's review of the record may disclose. (Appeal from Judgment of Livingston County Court, Gerard J. Alonzo, Jr., J.—Reckless Endangerment, 1st Degree). Present—Pigott, Jr., P.J., Green, Hurlbutt, Gorski and Smith, JJ.