■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR PETT, Appellant. [874 NYS2d 855]—The case is held, the decision is reserved, the motion to relieve counsel of assignment

is granted and new counsel is to be assigned. Memorandum: Defendant was convicted upon a guilty plea of robbery in the second degree (Penal Law § 160.10 [1]). He was sentenced to a determinate term of imprisonment of $9^{1}/_{2}$ years and a five-year period of postrelease supervision. Defendant's assigned appellate counsel has moved to be relieved of the assignment pursuant to *People v Crawford* (71 AD2d 38 [1979]), and has submitted an affirmation in which he concludes that there are no nonfrivolous issues meriting this Court's consideration. The record establishes that the trial court failed to advise the defendant of the postrelease supervision component of his sentence during the plea allocution. This fact raises the issue of whether defendant's plea was knowing, voluntary and intelligent (*see People v Louree*, 8 NY3d 541 [2007]). Therefore, we relieve counsel of his assignment and assign new counsel to brief this issue, as well as any other issues that counsel's review of the record may disclose. (Appeal from Judgment of Herkimer County Court, Patrick L. Kirk, J.—Robbery, 2nd Degree). Present—Scudder, P.J., Smith, Peradotto, Carni and Green, JJ.