■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRENDAN McANDREW, Appellant. [902 NYS2d 466]—Judgment unanimously affirmed. Counsel's motion to be relieved of assignment granted (*see People v Crawford*, 71 AD2d 38 [1979]). (Appeal from Judgment of Supreme Court, Erie County, Christopher J. Burns, J.—Criminal Possession of Stolen Property, 4th Degree). Present—Scudder, P.J., Martoche, Sconiers, Green and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON MEE, Appellant. [902 NYS2d 467]—Judgment unanimously affirmed. Counsel's motion to be relieved of assignment granted (*see People v Crawford*, 71 AD2d 38 [1979]). (Appeal from Judgment of Livingston County Court, Dennis S. Cohen, J.—Aggravated Unlicensed Operation of a Motor Vehicle, 1st Degree). Present—Scudder, P.J., Martoche, Sconiers, Green and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAIME PEREZ, Appellant. [902 NYS2d 467]—The case is held, the decision is reserved, the motion to relieve counsel of assignment is granted and new counsel is to be assigned. Memorandum: Defendant was convicted upon a guilty plea of promoting prison contraband in the first degree (Penal Law § 205.25 [2]). Defendant's assigned appellate counsel has moved to be relieved of the assignment pursuant to *People v Crawford* (71 AD2d 38 [1979]). However, upon our review of the record we conclude that there are nonfrivolous issues meriting this Court's consideration, specifically, whether County Court erred in denying defendant's motion to dismiss the indictment based on preindictment delay and the propriety of the court's ruling following the *Huntley* hearing. Therefore, we relieve counsel of his assignment and assign new counsel to brief these issues, as well as any other issues that counsel's review of the record may disclose. (Appeal from Judgment of Wyoming County Court, Mark H. Dadd, J.—Promoting Prison Contraband, 1st Degree). Present—Scudder, P.J., Martoche, Sconiers, Green and Gorski, JJ.