■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CASSATA, Appellant. [921 NYS2d 597]—Judgment unanimously affirmed. Counsel's motion to be relieved of assignment granted (*see People v Crawford*, 71 AD2d 38 [1979]). (Appeal from Judgment of Steuben County Court, Joseph W. Latham, J.—Grand Larceny, 4th Degree). Present—Scudder, P.J., Centra, Carni, Sconiers and Green, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT A. HARRIS, Appellant. [921 NYS2d 595]—Judgment unanimously affirmed. Counsel's motion to be relieved of assignment granted (*see People v Crawford*, 71 AD2d 38 [1979]). (Appeal from Judgment of Erie County Court, Thomas P. Franczyk, J.—Burglary, 3rd Degree). Present—Scudder, P.J., Centra, Carni, Sconiers and Green, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY L. IVEY, Appellant. [921 NYS2d 595]—The case is held, the decision is reserved, the motion to relieve counsel of assignment is granted and new counsel is to be assigned. Memorandum: Defendant was convicted upon a guilty plea of assault in the second degree and was sentenced to a determinate term of imprisonment of four years and five years' postrelease supervision. Defendant's assigned appellate counsel has moved to be relieved of the assignment pursuant to *People v Crawford* (71 AD2d 38 [1979]), and has submitted an affirmation in which he concludes that there are no nonfrivolous issues that can be raised on appeal. The record reflects that defendant moved prior to sentencing to withdraw his plea, claiming, inter alia, that the plea was coerced. We conclude that a nonfrivolous issue exists as to whether the court erred in denying defendant's motion without conducting a hearing. Therefore, we relieve counsel of his assignment and assign new counsel to brief this issue, as well as any other issues that counsel's review of the record may disclose. (Appeal from Judgment of Monroe County Court, John J. Connell, J.—Assault, 2nd Degree). Present—Scudder, P.J., Centra, Carni, Sconiers and Green, JJ.