1482

■ PETER E. GREVELDING, JR., as Executor of JASON M. RHOADES, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 109855.) [944 NYS2d 713]—Motion for leave to appeal to the Court of Appeals denied. Present—Smith, J.P., Peradotto, Lindley and Sconiers, JJ.

■ In the Matter of the Adoption of COLLIN. ALICIA P., Appellant; ROBIN C. et al., Respondents. [944 NYS2d 712]—Motion for leave to appeal to the Court of Appeals denied. Present—Centra, J.P., Fahey, Peradotto and Martoche, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD ALSTON, Appellant. [942 NYS2d 836]—The case is held, the decision is reserved, the motion to relieve counsel of assignment is granted and new counsel is to be assigned. Memorandum: Defendant was convicted upon a guilty plea of robbery in the first degree (Penal Law § 160.15 [4]), and was sentenced to a determinate term of imprisonment of eight years and five years postrelease supervision. Defendant's assigned appellate counsel has moved to be relieved of the assignment pursuant to *People v Crawford* (71 AD2d 38 [1979]). However, upon our review of the record we conclude that a nonfrivolous issue exists as to whether defendant's waiver of the right to appeal was valid. Therefore, we relieve counsel of his assignment and assign new counsel to brief this issue, as well as any other issues that counsel's review of the record may disclose. (Appeal from Judgment of Supreme Court, Monroe County, Francis A. Affronti, J.—Robbery, 1st Degree). Present—Scudder, P.J., Smith, Fahey and Sconiers, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL JONES, Appellant. [942 NYS2d 835]—The case is held, the decision is reserved, the motion to relieve counsel of assignment is granted and new counsel is to be assigned. Memorandum: Defendant appeals from an order that denied his motion pursuant to CPL 440.30 (1-a) for the performance of forensic DNA testing on specified evidence. Defendant's assigned appellate counsel has moved to be relieved of the assignment pursuant to *People v Crawford* (71 AD2d 38 [1979]). However, we find that a nonfrivolous issue exists as to whether the People met their burden of establishing with sufficient specificity whether the evidence existed and could be tested (*see People v Pitts*, 4 NY3d 303 [2005]). Therefore, we relieve counsel of his assignment and assign new counsel to brief this issue, as well as any other issues that counsel's review of the record may disclose. (Appeal from Order of Supreme Court, Erie County, Penny M. Wolfgang, J.—CPL 440.30 [1-a]). Present—Scudder, P.J., Smith, Fahey and Sconiers, JJ.