■ JASON BURLEW et al., Plaintiffs and Richard Katchuk, Respondent, v TALISMAN ENERGY USA INC., Appellant. (Appeal No. 1.) [945 NYS2d 587]—Motion for leave to appeal to the Court of Appeals denied. Present—Smith, J.P., Carni, Lindley and Sconiers, JJ.

■ JASON BURLEW et al., Plaintiffs and RICHARD KATCHUK, Respondent, v TALISMAN ENERGY USA INC., Appellant. (Appeal No. 2.) [945 NYS2d 587]—Motion for leave to appeal to the Court of Appeals denied. Present—Smith, J.P., Carni, Lindley and Sconiers, JJ.

■ EKLECCO NEWCO, LLC, Appellant, v Q OF PALISADES, LLC, Doing Business as QDOBA MEXICAN GRILL, et al., Respondents. (Appeal No. 1.) [945 NYS2d 587]—Motion to modify memorandum and order denied. Present—Centra, J.P., Fahey, Lindley, Sconiers and Martoche, JJ.

■ OPHELIA KWEH, as Guardian of the Person and Property of JOHN KWEH and Another, Respondent, v CHRISTOPHER C. EDMUNDS et al., Appellants, et al., Defendant. (Action No. 1.) OPHELIA KWEH, as Administratrix of the Estate of SAMPSON KWEH, Deceased, Respondent, v CHRISTOPHER C. EDMUNDS et al., Appellants, et al., Defendant. (Action No. 2.) PHILIP KWEH, Respondent, v CHRISTOPHER C. EDMUNDS et al., Appellants, et al., Defendant. (Action No. 3.) KADRA DAYOW, as Administratrix of the Estate of MOHAMED DAYOW, Deceased, Respondent, v OPHELIA KWEH, as Administratrix of the Estate of JUTY KWEH, Deceased, Defendant, and PATRICK D. SAMPSON et al., Appellants. (Action No. 4.) KADRA DAYOW, as Administratrix of the Estate of MOHAMED DAYOW, Deceased, Respondent, v SKINNER SALES, INC., Appellant. (Action No. 5.) [945 NYS2d 588]—Motion for reargument or leave to appeal to the Court of Appeals denied. Present—Scudder, P.J., Centra, Carni, Lindley and Martoche, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KATISHA BEATY, Appellant. [945 NYS2d 917]—Resentence unanimously affirmed. Counsel's motion to be relieved of assignment granted (see People v Crawford, 71 AD2d 38 [1979]). (Appeal from Resentence of Erie County Court, Michael F. Pietruszka, J.) Present—Scudder, P.J., Centra, Fahey, Peradotto and Sconiers, JJ. (Filed June 8, 2012.)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DELANO BROWN, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [945 NYS2d 918]—Judgment unanimously affirmed. Counsel's motion to be relieved of as-

signment granted (*see People v Crawford*, 71 AD2d 38 [1979]). (Appeal from Judgment of Supreme Court, Wyoming County, Mark H. Dadd, A.J.—Habeas Corpus.) Present—Scudder, P.J., Centra, Fahey, Peradotto and Sconiers, JJ.

■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. CANTINERI, Appellant. [946 NYS2d 522]—Judgment unanimously affirmed. Counsel's motion to be relieved of assignment granted (*see People v Crawford*, 71 AD2d 38 [1979]). (Appeal from Judgment of Steuben County Court, Joseph William Latham, J.—Criminal Possession of a Controlled Substance, 5th Degree.) Present—Scudder, P.J., Centra, Fahey, Peradotto and Sconiers, JJ.

■■■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DAVID GARCIA, Appellant, v MARK BRADT, Superintendent, Attica Correctional Facility, Respondent. [945 NYS2d 919]—Judgment unanimously affirmed. Counsel's motion to be relieved of assignment granted (*see People v Crawford*, 71 AD2d 38 [1979]). (Appeal from Judgment of Supreme Court, Wyoming County, Mark H. Dadd, A.J.—Habeas Corpus.) Present—Scudder, P.J., Centra, Fahey, Peradotto and Sconiers, JJ.

■■■

(June 15, 2012)

■ ERIN C. DAVISON, Respondent, v CITY OF BUFFALO, Appellant, and JOHN CARNEY, Appellant-Respondent. [947 NYS2d 702]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered April 27, 2011 in a personal injury action. The order, among other things, denied defendant John Carney's motion for summary judgment dismissing the complaint against him, denied defendant City of Buffalo's motion for summary judgment dismissing the complaint and the cross claims against it, and granted defendant City of Buffalo and plaintiff summary judgment against defendant John Carney on the issues of negligence and proximate cause.

It is hereby ordered that the order so appealed from is modified on the law by granting the motion of defendant City of Buffalo and dismissing the complaint and all cross claims against it and by vacating both that part of the order granting summary judgment to plaintiff and defendant City of Buffalo against de-