THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. JUDD, JR., Appellant. [951 NYS2d 433]—

The case is held, the decision is reserved, the motion to relieve counsel of assignment is granted and new counsel is to be assigned. Memorandum: Defendant was convicted by plea of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). County Court found defendant to be a "second felony offender" and sentenced him to a determinate term of imprisonment of five years and five years postrelease supervision. Defendant appealed and his assigned counsel now moves to be relieved of the assignment, alleging that there are no nonfrivolous grounds for appeal (*see People v Crawford*, 71 AD2d 38 [1979]). The record reveals that during the plea proceeding, defendant was informed by the court that a five year determinate sentence was "mandatory." Given that the mandatory minimum determinate sentence for a second felony offender convicted of a class D violent felony is three years (Penal Law § 70.06 [6] [c]), we conclude that a nonfrivolous issue exists as to whether defendant's guilty plea was knowing, voluntary and intelligent. We therefore relieve counsel of his assignment and assign new counsel to brief this issue, as well as any other issues that counsel's review of the record may disclose. (Appeal from Judgment of Orleans County Court, James P. Punch, J.—Attempted Burglary, 2nd Degree.) Present—Scudder, P.J., Centra, Carni, Sconiers and Martoche, JJ. (Filed Sept. 28, 2012.)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY POBLOCKI, III, Appellant. [951 NYS2d 433]—Judgment unanimously affirmed. Counsel's motion to be relieved of assignment granted (*see People v Crawford*, 71 AD2d 38 [1979]). (Appeal from Judgment of Erie County Court, Michael F. Pietruszka, J.—Attempted Grand Larceny, 4th Degree.) Present—Scudder, P.J., Centra, Carni, Sconiers and Martoche, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL CARTER, Appellant. [— NYS2d —]—