■ TIANA SYKES, Appellant-Respondent, v STAN ROTH, Respondent-Appellant. [961 NYS2d 355]—Motion for reargument or leave to appeal to the Court of Appeals denied. Present—Scudder, P.J., Fahey, Carni, Lindley and Sconiers, JJ.

■ RICARDO WRIGHT, Respondent, v JAMES J. SHAPIRO et al., Appellants, et al., Defendants. [961 NYS2d 355]—Motion for reargument or leave to appeal to the Court of Appeals denied. Present—Smith, J.P., Peradotto, Lindley, Valentino and Whalen, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMY M. CECCE, Appellant. [960 NYS2d 690]—The case is held, the decision is reserved, the motion to relieve counsel of assignment is granted and new counsel is to be assigned. Memorandum: Defendant was convicted upon his plea of guilty of aggravated driving while intoxicated as a felony (Vehicle and Traffic Law §§ 1192 [2-a]; 1193 [1] [c] [i]), and driving while intoxicated as a felony (§§ 1192 [3]; 1193 [1] [c] [i]), and was sentenced to concurrent indeterminate terms of imprisonment of 1²/₃ to 5 years. Defendant appealed and his assigned counsel now moves to be relieved of the assignment on the ground that the appeal is frivolous (*see People v Crawford*, 71 AD2d 38 [1979]). Upon our review of the record, we conclude that a nonfrivolous issue exists as to the legality of the sentence (*see* Penal Law § 70.00 [2] [e]). We therefore relieve counsel of her assignment and assign new counsel to brief this issue, as well as any other issues that counsel's review of the record may disclose. (Appeal from Judgment of Ontario County Court, Craig J. Doran, J.—Driving While Intoxicated). Present—Scudder, P.J., Peradotto, Carni, Lindley and Whalen, JJ.