cumstances, defendant had no reason to know that the verdict was inconsistent before the jury was discharged. (Appeal from Judgment of Supreme Court, Erie County, Gorski, J.— Negligence.) Present—Green, J. P., Pine, Fallon, Doerr and Boehm, JJ.

■ REGINA KIM, Respondent, v JOSEPH CIPPOLA, Appellant. (Appeal No. 2.) [648 NYS2d 397] —Appeal unanimously dismissed without costs (see, Smith v Catholic Med. Ctr., 155 AD2d 435; see also, CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, Gorski, J.—Set Aside Verdict.) Present— Green, J. P., Pine, Fallon, Doerr and Boehm JJ.

■ In the Matter of LISA P. and Others, Infants. DANIEL P., Appellant; WAYNE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. (Appeal No. 2.) [648 NYS2d 398] —Appeal unanimously dismissed without costs. Memorandum: Because the order by its terms expired on November 16, 1995, this appeal is moot (see, Matter of Dean v Dean, 208 AD2d 1030, 1031). (Appeal from Order of Wayne County Family Court, Parenti, J.— Order of Protection.) Present—Green, J. P., Pine, Fallon, Doerr and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARON BELL, Appellant. (Appeal No. 1.) [648 NYS2d 398] —Judgment unanimously affirmed. Counsel's application to withdraw granted (see, People v Crawford, 71 AD2d 38). (Appeal from Judgment of Wayne County Court, Sirkin, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Lawton, J. P., Wesley, Callahan, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARON BELL, Appellant. (Appeal No. 2.) [648 NYS2d 398] —Judgment unanimously affirmed. Counsel's application to withdraw granted (see, People v Crawford, 71 AD2d 38). (Appeal from Judgment of Wayne County Court, Sirkin, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Lawton, J. P., Wesley, Callahan, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM EDWARD COSSELMON, II, Appellant. [648 NYS2d 399] —Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the driving while intoxicated (DWI) statute is unconstitutional. The constitutionality of the DWI statute is well established (see, People v Cruz, 48 NY2d 419, appeal dismissed 446 US 901). (Appeal from Judgment of Onondaga County Court, McCarthy, J.—Felony Driving While Intoxicated.) Present—Lawton, J. P., Wesley, Callahan, Davis and Boehm, JJ.